JOHN B. RYER, Respondent, *against* THE FIREMAN'S
JOURNAL COMPANY, Appellant.

(Decided December 4th, 1882.)

Defendant published, in a newspaper called "The Fireman's Jour-
nal," and relating to affairs of firemen, under the heading "The New
York Department," a statement that "the entire staff of harness
makers of the department, being three in number, have been dismissed
for alleged thefts of leather belonging to the department." At the time
of the publication, plaintiff, with two others, had just been discharged
from the Fire Department of the City of New York, in which he had
been employed as a harness maker. *Held,* that the publication referred
with sufficient distinctness to plaintiff to sustain an action by him for
libel therein.

To an action for libel by repeating an accusation against plaintiff, it is not
a defense to show that such accusation was made, without proving the
truth of the accusation.

APPEAL from a judgment of this court entered upon the
verdict of a jury and from an order denying a motion for a
new trial.

The facts are stated in the opinion.

*George W. Miller*, for appellant.

*Charles P. Miller*, for respondent.

VAN BRUNT, J.—This is an appeal from an order deny-
ing a motion to set aside a verdict rendered by the jury,
upon the trial of this action, which was to recover damages
for a libel, and from the judgment entered upon said
verdict.

The defendant is the publisher of a newspaper called
"The Fireman's Journal," and on the 4th of September,
1880, it published in such paper the following item of news:

## "NEW YORK DEPARTMENT.

### "NOTES OF MEN AND THINGS.

\*      \*      \*      \*      \*      \*      \*

" The entire staff of harness makers of the department, being three in number, have been dismissed for alleged thefts of leather belonging to the department.   The rascals ought to feel thankful for getting off without more severe punishment."

The plaintiff alleged in his complaint that he had been a resident of the city for many years and had followed the trade of harness maker, and that for seven years prior to September 1st, 1880, when he was discharged, he was employed as a harness maker in the repair shops of the Fire Department, and that on the 4th of September, 1880, the defendant published the foregoing paragraph.

The answer of the defendant admitted the publication of the paragraph, but denied that it was concerning the plaintiff, and alleged by way of justification and mitigation that the paragraph in question was true.   It is now urged upon this appeal that the complaint in this case does not state facts sufficient to constitute a cause of action, because the alleged libel refers to no person by name, no department by name, nor any designation except " New York Department."

This point was not urged upon the trial.   No objection to the sufficiency of the complaint or the sufficiency of the evidence to take the case to the jury was made, but even if it had been made such objection would not have been well taken.

The plaintiff was one of three persons, who, at the time of the publication of the article, had just been discharged from the New York Fire Department.   The journal published by the defendant was a fireman's journal relating to the affairs of firemen.   Under the head of the New York Department, the journal being the firemen's journal re-

lating to firemen, various news in relation to the New York Fire Department would naturally come, and the language of the alleged libel could be applicable to no other department of the New York City government which was treated of in a fireman's journal. The statement, therefore, that three men, the entire staff of harness makers of the department, had been discharged for alleged thefts of leather belonging to the department, would seem to refer with sufficient distinctness to the plaintiff, who was one of three men discharged at that time from said department.

The only exceptions to the charge were to that part of the charge where the court refused to charge at the request of defendant's counsel that the publisher of a newspaper is at liberty to publish an account of the proceedings of any court or public body, or the Commissioners of the Fire Department, and unless the jury believe that in so publishing the proceedings complained of the publisher grossly and intentionally misrepresented the facts, no liability can attach; and to that part of the charge in which it was stated that when an accusation is repeated it devolves upon the defendant to prove the truth, and it is not enough for him to prove that the accusation was made; and also to that part of the charge in which it was stated that the present charge implies the charge of stealing; and also to that part of the charge where it was charged that if the defendant in this case did not prove that the leather was stolen, the defendant failed to make out justification; and also to that part of the charge where the judge charged that he saw no evidence of justification in the case.

The record upon this appeal shows no attempt at justification; therefore, the judge's instruction to the jury upon that point was entirely correct. He was also entirely correct in his statement of the rule of law that if the party repeats an accusation he must prove the truth of the accusation, and it is not sufficient for him to prove that the accusation has been made.

The exception to the charge that the language contained in the alleged libel implies the charge of stealing is equally

untenable. In the case of *Dwyer* v. *The Fireman's Journal Co.* (*ante*, p. 248), this language has been commented upon, and the conclusion necessarily arrived at is that the language does imply that the persons discharged were guilty of thieving; and there was no error in the court in so construing such language.

There seems to be no reason for a disturbance of the verdict, and the judgment and order denying the motion for a new trial must be affirmed, with costs.

BEACH, J., concurred.

Judgment and order affirmed, with costs.